UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00681-RJC-DCK

| | |
|---|---|
| JAMES L. BEYAN, JR., )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>)<br>CATS, )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint. [Doc. 4].

## I. BACKGROUND

Plaintiff James L. Beyan, Jr., a North Carolina citizen, filed this action on December 29, 2021, naming CATS, identified as North Carolina corporation, as the sole Defendant. [Doc. 1]. Plaintiff asserted "class action" and "discrimination" as bases for federal question jurisdiction, but also asserted diversity jurisdiction. [Id. at 3]. Plaintiff alleged only that he has been "directly and indirectly put in to – harms way" by Defendant's negligence. [Id. at 4]. Plaintiff seeks monetary damages for his pain and suffering. [Id.].

On January 11, 2022, on initial review, the Court found that Plaintiff failed to state a claim upon which relief may be granted and allowed Plaintiff 30 days to amend his complaint. [Doc. 3 at 3]. The Court specifically provided that Plaintiff's allegations do not support jurisdiction with this Court and that while "detailed factual allegations" are not required, Rules 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." [Id. at 2-3 (citations

omitted)].

Plaintiff timely filed an Amended Complaint, which is before the Court now on initial review. [Doc. 4]. In his Amended Complaint, Plaintiff asserts federal question jurisdiction only, claiming that his rights have been violated under "Title VII (7), Discrimination and Civil Rights violations or the Civil Rights Act of 1964." [Id. at 2]. Plaintiff now alleges that he "has been directly and indirectly put in to harms way and discriminate against by bus drivers." [Id. at 4 (errors uncorrected)]. Plaintiff seeks $3,000,000 for pain and suffering "due to negligence." [Id.].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in her complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

Plaintiff's Amended Complaint also fails initial review. Plaintiff bases his claim against Defendant CATS on violation of "Title VII … or the Civil Rights Act of 1964," alleging that he has been discriminated against by bus drivers presumably employed by Defendant. Plaintiff has again failed to state a claim for relief.

2

Title VII of the Civil Rights Act of 1964 (the "Act") prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII does not apply outside the employment context. See id. Plaintiff does not allege that he is or was employed by Defendant CATS. He has, therefore, failed to state a claim for relief under Title VII.

Plaintiff also purports to bring his claim under the Act generally, but he does not allege what other provisions might afford him relief. Title VI of the Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The Supreme Court has noted that Congress "understood Title VI as authorizing an implied private right of action for victims of the prohibited discrimination." Cannon v. University of Chicago, 441 U.S. 677, 703, 99 S.Ct. 1946 (1979).

To state a claim under Title VI, a plaintiff must allege (1) that the defendant is engaging in racial discrimination and (2) that defendant receives federal funds. Farmer v. Ramsey, 41 F.Supp.2d 587, 592 (D. Md. Mar. 10, 1999). Here, even ignoring Plaintiff's failure to identify Title VI in the first place and with a very generous read of Plaintiff's Amended Complaint to satisfy the first element ("[T]his case is about color, national origin and discrimination" by bus drivers), Plaintiff has failed to allege that Defendant CATS receives federal funds, thus subjecting it to the protections of Title VI. The Court is aware of no other provision of the Act that might afford Plaintiff relief under the very few facts alleged. Plaintiff, therefore, has failed to state a claim upon which relief may be granted.

3

## IV. CONCLUSION

The Court will dismiss Plaintiff's Amended Complaint on initial review for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2). Because Plaintiff again fails to state a claim for relief after having been afforded the opportunity to amend his complaint, the Court will dismiss Plaintiff's Amended Complaint with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 4] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

Signed: January 31, 2022

Robert J. Conrad, Jr.
United States District Judge